RAFAEL DE J. CORDERO, MANAGER OF THE STATE INSURANCE FUND, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; JOSÉ RAFAEL ROSARIO, Workman.

No. 248.    Argued July 15, 1942.—Decided July 31, 1942.

*George A. Malcolm, Attorney General, G. Benítez Gautier, Deputy Attorney General, G. Atiles Moréu, Angel de Jesús Matos,* and *J. Correa Suárez,* for the State Insurance Fund.  *Ortiz Toro & Ortiz Toro* and *Elí Beléndez García,* for claimants.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a proceeding instituted by the Manager of the State Insurance Fund to review the decision rendered by the Industrial Commission in the case of the workman José Rafael Rosario.

After an investigation on December 30, 1941, the Manager of the State Fund decided the case as follows:

"José Rafael Rosario, a workman, suffered an accident which occurred in this fashion: On January 10, at about midnight, this employee was working for the Arundel Corporation.  He was riding on the running board of the automobile driven by Mr. Smith.  Other workmen employed by the same corporation were riding on a truck. It was the employer's custom to take the workmen late at night to

a convenient place, from which they would return to their homes. Workman José Rafael Rosario abandoned the running board of the automobile on which he was riding and, while getting on the truck which was carrying the other workmen, which truck was already under way, he slipped and fell on the pavement thereby causing the rear wheels of the truck to run him over. As a result of this accident the workman died on January 14, 1941. The fact of his death was certified by Dr. M. A. Godínez, as having been the consequence of 'the fracture of the lower skull complicated with septic meningitis.'

"From a careful study of the testimony in the record, it clearly appears that the death of this workman was caused by reason of his having assumed an additional risk to those inherent in his work, namely, his attempt to board the truck after it had started. In these circumstances, the conclusion is unavoidable that this case is not within the scope of the cases covered by the Workmen's Compensation Act now in force."

Feeling aggrieved by that decision, Demetrio Rosario Díaz and his wife, María Lugo, father and mother respectively of the deceased, appealed to the Industrial Commission, and the case was submitted upon the following stipulation:

"Now come before this Hon. Commission the undersigned attorneys, Jorge Ortiz Toro and Elí Beléndez García, as representatives of the law firm of Ortiz Toro & Ortiz Toro, and Guillermo Atiles Moréu, as representative of the State Fund, and respectfully submit the following stipulation:

"1. That Attorneys Ortiz Toro and Beléndez, with the sole purpose of submitting a question of law, admit as true the conclusion reached by the Manager of the State Fund to the effect that the deceased workman, José Rafael Rosario, attempted to board the truck while the same was in motion.

"2. That they admit that fact . . . seeking to avoid an unnecessary loss of time involved in the holding of a public hearing, and upon the belief that the right of compensation accruing to the petitioners is independent of any risk that might have been assumed by the workman.

"3. That the attorneys for both parties have agreed to submit this case for decision by this Hon. Commission and admit, for the purpose of the determination of the legal question above referred

to, that the deceased workman boarded the truck while it was moving, with the understanding that if said Commission should reach the conclusion that such a state of facts, as a matter of law, precludes the petitioners from claiming compensation, the Commission will subsequently set a day for a hearing, to enable the petitioners to offer their evidence establishing the fact that the workman boarded the motor vehicle while it was at a standstill."

On June 1, 1942, the commission held "that the workman José Rafael Rosario, lost his life in consequence of an accident resulting from an act or duty inherent in his work, which occurred within the scope of his employment and as a consequence thereof, for which reason it is compensable according to §2 of Act No. 45 of April 18, 1935."

The Manager moved for a reconsideration which was denied, and thereupon he instituted the present proceeding for review in this court. He assigns three errors claimed to have been committed by the commission in holding that the accident suffered by the workman after abandoning the conveyance furnished by the employer to leave the place of work, occurred within the scope of his employment and in consequence thereof; in holding that the boarding of the truck, while the same was moving, on the street, outside the premises, did not constitute an additional risk; and in holding that the additional risk taken by the workman and not provided for by the contract of work, did not place him outside the scope of his employment.

After the writ had been issued, both parties were heard on the 15th of the present month. As may be seen, the case at bar, apart from certain points of similarity, is essentially different from that of *Guillot* v. *Industrial Commission,* decided on July 8, *ante,* p. 658.

Similarly as in the cited case, the accident herein occurred outside the premises of the employer, while the workman was leaving his work; but in the instant case the employer furnished the conveyance to the workman and it was while attempting to use it that the workman met his

death. In the *Guillot* case, however, the workman was returning from his work on his own account and on reaching the public highway he was subject to the same conditions as the other citizens who traveled over it.

In summarizing the decisions on this question, Corpus Juris states:

"Where the employee is injured while riding to or from his work in a conveyance provided by the employer, 'the employer's liability . . . depends upon whether the conveyance has been provided by him, after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment for the mere use of the employees, and is one which the employees are required, or as a matter of right are permitted, to use by virtue of that contract.' Accordingly it is held that injuries sustained by an employee while being transported to or from work in a conveyance furnished by the employer in pursuance of an express or implied term of the contract of employment are compensable, . . ." 71 C. J. 722, §446.

The appellant manager admits that if the accident had occurred within the premises of the employer, regardless of whether or not the workman had been negligent, it would be compensable; but he maintains that since it happened outside, it is not compensable.

In view of the attendant circumstances, such distinction is inapplicable. The theory of the assumption of an additional risk is, in our opinion, untenable. Although it is not clearly set forth in the findings made by the Manager and accepted by the stipulation, it may be inferred that the workman took Mr. Smith's car at the place of his work in order to reach the employer's truck, and therefore it is unimportant that he boarded the truck outside of said place. [2] In cases of this kind, everything possible should be done in order to effectuate the purpose of the law, by applying to its provisions a liberal construction. Conceding that the case may be a doubtful one, we think that the petitioners should be given the benefit of the doubt, inasmuch as the risk of ac-

cidents occurring during the transportation was one taken into consideration. See Cardona v. *Industrial Commission,* 56 P.R.R. 813.

The decision appealed from must be affirmed and the record sent up to this court returned to the commission.